**`UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-24416-BLOOM/Elfenbein**

ON, INC.,

Plaintiff,

v.

CARIBBEAN SPORTS DISTRIBUTOR LLC
and DOES 1–10, inclusive,

Defendants.
_________________________________/

**ORDER ON MOTION FOR CLARIFICATION**

**THIS CAUSE** is before the Court upon Defendant Caribbean Sports Distributor LLC's ("Defendant") Amended Motion for Clarification of Order on Motions to Dismiss Regarding Statute of Limitations for Compulsory Counterclaims, ECF No. [46] ("Motion"). Plaintiff On, Inc. ("Plaintiff") filed a Response in Opposition, ECF No. [48], to which Defendant filed a Reply, ECF No. [50]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

On March 11, 2026, Defendant filed its Counterclaim against Plaintiff, alleging several claims relating to actions taken by Plaintiff as early as 2014. ECF No. [34]. Plaintiff then filed a Motion to Dismiss the Counterclaim, arguing, in relevant part, that claims accruing prior to March 11, 2022 are barred by the statute of limitations and should accordingly be dismissed or limited. ECF No. [36]. In its Response in Opposition, Defendant raised four reasons why Plaintiff's statute of limitations argument did not warrant dismissal. ECF No. [37] at 3–6. First, Defendant argued

that because the Counterclaims were compulsory, they were timely when measured from the filing of the Complaint. *Id.* at 3. Second, the Counterclaims were independently preserved under the doctrine of recoupment. *Id.* at 4. Third, under the continuing torts doctrine, Defendant alleged continuing misconduct that independently supports its Counterclaims. *Id.* at 5. Fourth, dismissal on statute of limitations grounds is generally improper on a motion to dismiss. *Id.* at 6.

In Reply, Plaintiff argued, first, that the Counterclaims were permissive, not compulsory, and thus did not relate back to the filing of the Complaint. ECF No. [40] at 2. Second, recoupment did not apply, as Defendant "seeks affirmative monetary recovery based on alleged conduct spanning several years, not a reduction of liability arising from the 2023 invoices at issue." *Id.* at 2–3. Third, delayed discovery was not applicable. *Id.* at 3. Fourth, the continuing torts doctrine failed, as Defendant alleged discrete acts. *Id.* at 3–4. Fifth, dismissal on statute of limitations grounds is appropriate where it is evident from the face of the complaint that the claims are untimely. *Id.* at 4.

The Court then issued its Order which addressed, in relevant part, the Motion to Dismiss the Counterclaim and the statute of limitations arguments related to it. ECF No. [41]. The Court found that Defendant's Counterclaims were compulsory counterclaims and therefore "related back" to the filing of the Complaint. *Id.* at 24. As a result, "the relevant question is whether [Defendant]'s counterclaims were timely relative to" the filing of the Complaint, which—under the applicable statutes of limitations—meant that "all actions must have occurred after September 24, 2021. *Id.* at 26. Because all of Defendant's Counterclaims fell in whole or in part within this timeframe, the Court denied dismissal. *Id*. However, the Court did not expressly address Defendant's recoupment arguments. *See generally id*.

Defendant thereafter filed its Motion, seeking clarification as to whether authorities

holding that compulsory counterclaims for recoupment of monetary damages are not subject to statutes of limitations informed the Court's ruling. ECF No. [46]. In effect, Defendant seeks clarification as to whether claims predating September 24, 2021 are also preserved. *Id.* at 1. Plaintiff opposes the Motion, arguing that it is effectively a motion for reconsideration, and the Court was not unclear in its ruling. ECF No. [48]. Defendant replies that it does not seek to relitigate the Court's conclusion that the Counterclaims survive dismissal; instead, it seeks clarification as to whether its claims are subject to any limitations period at all. ECF No. [50].

## II. LEGAL STANDARD

In civil cases, a defendant may assert a counterclaim in recoupment to recover an affirmative judgment even where the claim would be barred as an independent cause of action under the applicable statute of limitations. *Maynard v. Household Fin. Corp. III*, 861 So.2d 1204, 1207 (Fla. 2d DCA 2003) (citing *Allie v. Ionata*, 503 So.2d 1237, 1238–39 (Fla. 1987)). "The distinguishing feature of a claim for recoupment is the same as a compulsory counterclaim—it must spring from the same transaction or occurrence as the underlying claim." *Id.*; *see also U.S. v. Morrison*, 28 So.3d 94, 102 (Fla. 1st DCA 2009) (citing *U.S. v. Timmons*, 672 F.2d 1373, 1379–80 (11th Cir.1982)). This test is satisfied if (1) "the same aggregate of operative facts serves as the basis of both claims" or (2) "the aggregate core facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant." *Orix Capital Markets, LLC v. Park Ave. Assocs., Ltd.*, 881 So.2d 646, 651 (Fla. 1st DCA 2004) (quoting *Londono v. Turkey Creek, Inc.*, 609 So.2d 14, 20 (Fla. 1992)). That is, in certain circumstances, a compulsory counterclaim effectively *is* a recoupment claim. *Orix Cap. Markets, LLC*, 881 So. 2d at 650 ("In modern practice, the recoupment claim has been replaced by the compulsory counterclaim.").

Importantly, there is case law both in Florida courts and federal courts approving of affirmative relief for compulsory counterclaims that would otherwise fall outside of the applicable statute of limitations. *See, e.g.*, *Saxon Fin. Grp., Inc. v. Rath*, No. 11-80646-CIV, 2012 WL 3278662, at *4 (S.D. Fla. Aug. 9, 2012); *Allie*, 503 So. 2d at 1240 ("The same rationale which permits the defense of recoupment at all on a claim which would be barred by the statute of limitations supports the recovery of affirmative relief."); *Elbadramany v. Bryson Crane Rental Servs., Inc.*, 630 So. 2d 214, 215 (Fla. 5th DCA 1993) ("The supreme court held that a compulsory counterclaim permits a party to obtain affirmative relief of damages, even where the claim is barred as an independent action."); *Reiter v. Cooper*, 507 U.S. 258, 263–64 (1993) (explaining that "[r]ecoupment claims are generally not barred by a statute of limitations so long as the main action is timely"); *Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1300–01 (11th Cir. 2002) (while applying Florida law, explaining that "[e]ven assuming that the City did bring its counterclaim after the statute of limitations had run, under Florida law that counterclaim would not be time-barred if it was a compulsory counterclaim for recoupment of money damages"). Indeed, under Florida law, "[t]here is no statute of limitation defense as to a compulsory counterclaim." *Stein v. Feingold*, 629 So. 2d 998, 999 (Fla. 3d DCA 1993) (citations omitted).

## III. DISCUSSION

Defendant argues, first, that *Allie* eliminates the statute of limitations for compulsory counterclaims in recoupment. ECF No. [46] at 2. From there, *Blasland* indicates that the Eleventh Circuit agrees that no limitations period applies to compulsory counterclaims in federal court. *Id.* at 2–3. Furthermore, Federal Rule of Civil Procedure 13 does not address the statute of limitations, and state law therefore controls. *Id.* at 3–4. Finally, federal law similarly supports eliminating the statute of limitations in this context. *Id.* at 4.

Plaintiff responds, first, that Defendant seeks reconsideration, not clarification, and fails to satisfy the standard for reconsideration. ECF No. [48] at 2–3. Moreover, the Court already considered *Allie* and *Blasland* and rejected the result Defendant now seeks. *Id.* at 4–5. Next, Defendant's substantive legal arguments independently fail. *Id.* at 5. For instance, federal law is clear that a defendant's *defensive* claims arising from the same transaction should not be barred, but it does not hold "that a defendant asserting broad affirmative monetary relief through five independent causes of action is entitled to pursue all such relief *without any temporal limitation whatsoeve*r." *Id.* at 6. Furthermore, the Court was not required to resolve the full scope of any future damages issues at the pleadings stage, and Defendant already obtained complete relief on the issue presented by the motion to dismiss. *Id.* at 7–8. Finally, having successfully argued for the relation-back framework, Defendant cannot now characterize it as an ambiguity. *Id.* at 8–9.

Defendant replies that the Court's citations create the ambiguity that Defendant now asks the Court to resolve. ECF No. [50] at 2–3. Furthermore, Defendant did not "invite" this result or obtain everything that it sought. *Id.* at 3–4. Finally, federal law makes clear that affirmative relief can be obtained through recoupment. *Id.* at 5–6.

The Court begins by acknowledging that it did not expressly address Defendant's recoupment argument in its Order. That said, the Court relied on *Allie* and *Blasland*, both of which expressly grapple with the recoupment issue. To the extent that internal tension has created ambiguity for Defendant on the exact contours of the Court's ruling, the Court provides its analysis here.

Moreover, to the extent the Court construes the Motion as a motion for reconsideration, the Court finds reconsideration warranted. "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence;

and (3) the need to correct clear error or manifest injustice." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted)). Here, the Court's original Order, in not directly addressing recoupment but relying on cases that counsel in favor of eliminating the statute of limitations, created an untenable internal tension. Thus, the Court will reconsider that limited portion of its decision.

In doing so, the Court finds Defendant is correct in its understanding of the implications of *Allie* and *Blasland*. Prior to *Allie*, it was "well established that the defense of recoupment" could be asserted where the claims arose outside the statute of limitations—that is, that otherwise untimely counterclaims could be asserted "in a *defensive* posture." Allie, 503 So. 2d at 1239 (citations omitted). Moreover, recoupment could be used to "obtain affirmative relief." *Id.* (citation omitted). *Allie* "merged" these two concepts, permitting "the recovery of an affirmative judgment in recoupment when the statute of limitations would bar the desired relief as an independent cause of action." *Id.*

In *Blasland*, the Eleventh Circuit applied *Allie* to find that a counterclaim for professional malpractice "would not be time-barred if it was a compulsory counterclaim for recoupment of money damages." *Blasland*, 283 F.3d at 1300–01. And multiple cases since have allowed for affirmative relief on compulsory counterclaims without the constraints of a statute of limitations. *See, e.g.*, *Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Servs., Inc.*, No. 3:07-CV-62-

MCR-EMT, 2011 WL 13193287, at *14 (N.D. Fla. Oct. 21, 2011) ("[W]hen Plaintiffs decided to sue on claims that were paid and resolved years ago, Plaintiffs left themselves open to all compulsory counterclaims and defenses—whether time barred or not—seeking recoupment for monies previously paid which Plaintiffs were not entitled to receive."); *Kinsman v. Winston*, No. 6:15–CV–696–ORL–22GJK, 2015 WL 12839267, at *4 (M.D. Fla. Sept. 15, 2015) (finding a counterclaim not time-barred where it was compulsory, without consideration of whether it sought affirmative relief or mere reduction of the plaintiff's recovery); *Ioselev v. Schilling*, No. 3:10-CV-1091-J-34MCR, 2013 WL 271711, at *5 (M.D. Fla. Jan. 24, 2013) (same); *Harbers v. Harbers*, No. 8:11-CV-2636-EAK-MAP, 2012 WL 2060858, at *2 (M.D. Fla. June 7, 2012) (applying the same reasoning, but finding no compulsory counterclaim).[1]

Thus, the combination of the Court's statement that "all actions must have occurred after September 24, 2021," ECF No. [41] at 26, and its reliance on *Allie* and *Blasland*, *id.* at 26, warrants\ clarification regarding the Court's analysis and, based on *Allie* and *Blasland* and insofar as Defendant's Counterclaims are compulsory, no statute of limitations applies to Defendant's Counterclaims.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [46]**, is **GRANTED**. Defendant's Counterclaims are not barred by any statute of limitations.

[1] The Supreme Court's decision in *Bull v. United States*, 295 U.S. 247 (1935), also cited by the Court in its Order, is consistent with this conclusion. In *Bull*, the Supreme Court permitted a taxpayer being sued for income tax to institute a counterclaim for an amount "mistakenly collected as estate tax and wrongfully retained," notwithstanding that the applicable statute of limitations would have otherwise barred this "counter demand." *Id.* at 261. The Court, though dealing with a case where the recoupment claim operated purely defensively to obtain a "credit" against the United States' recovery, did not preclude affirmative forms of relief, as suggested by Plaintiff. *Id.*

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 21, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record